## P. W. Walsh, Defendant in Error, v. City of Chicago, Plaintiff in Error.

### Gen. No. 22,110.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. D. H. WAMS-·LEY, Judge, presiding. Heard in this court at the March term, 1916. Affirmed.    Opinion filed October 30, 1916.    *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by P. W. Walsh, plaintiff, against the City of Chicago, defendant, in the Municipal Court of Chicago, to recover on a contract for the disposal of garbage by means of water transportation. From a judgment for plaintiff for $1,200, defendant brings error.

This case has previously been before this court, being reported in *Walsh v. City of Chicago*, 185 Ill. App. 521. The contract sued on was ended by efflux of time, and the amount of the judgment was admitted to be due to plaintiff thereon, but defendant sought to recoup on the ground of the unseaworthy boats furnished by plaintiff, one of which sank in the Chicago River, defendant alleging loss thereby of garbage boxes, as well as the expense of removing the obstruction.

SAMUEL A. ETTELSON, for plaintiff in error; LEON HORNSTEIN and HARRY L. BRIN, of counsel.

HENRY J. TONER, for defendant in error; OSCAR H. OLSEN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1301*—*when finding of trial court on conflicting evidence presumed to be correct.* In an action tried without

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a jury, where the evidence is conflicting and where a contrary finding, if made, might be sustained by the evidence, the Appellate Court, on review, will indulge in favor of the finding made, the presumption obtaining from the fact that the trial court sees and hears the witnesses and observes their manner of testifying, and is therefore better able to determine the weight and credibility of their testimony, advantages which the Appellate Court does not possess.

2. SET-OFF AND RECOUPMENT, § 41*—*when verdict disallowing claim in recoupment sustained by evidence.* In an action to recover on a contract between an individual and a municipality for the disposition of garbage by means of water transportation, where it was admitted that a certain sum was due plaintiff on the contract, but where defendant sought to recoup on the ground of an unseaworthy boat, whose sinking occasioned loss to defendant, a finding for plaintiff *held* not palpably against the weight of the evidence.

3. NAVIGABLE WATERS, § 4*—*what are.* The Chicago River is a navigable stream under the control of the Federal government.

4. SET-OFF AND RECOUPMENT, § 18*—*when municipality may not recoup expense of removing obstruction in navigable stream.* In an action to recover on a contract between an individual and a municipality for the disposition of garbage by means of water transportation, where it is admitted that a certain sum is due plaintiff on the contract, defendant cannot recoup on the ground that the sinking of an unseaworthy boat caused an obstruction whose removal caused defendant expense, where it appears that the sinking took place in a navigable river, since defendant could not have been compelled to remove the obstruction, and cannot enforce a claim against plaintiff for expense incurred in voluntarily performing a duty not cast upon it by law.

*See **Illinois Notes Digest,** Vols. **XI** to **XV,** and **Cumulative Quarterly,** same topic and section number.